FRUGÉ, Judge.
This action arose out of an automobile collision which occurred on September 15, 1969. The plaintiff was driving her automobile in a southerly direction- on--a- high*way approximately two miles from the town of Forest Hill in Rapides Parish, when a vehicle driven by Frank Tedesco approaching in the opposite direction suddenly veered several feet into her lane of traffic. The plaintiff at this point pulled her automobile partially onto the right shoulder of the highway, proceeded down the highway a short distance and then pulling back onto the highway, proceeded across and struck another automobile which was in the north-bound lane of traffic.
The plaintiff, Mrs. Meskill and her husband, sued Frank Tedesco and his insurer, Allstate Insurance Company, alleging that Tedesco negligently veered into her lane of traffic creating a sudden emergency and forcing her to take corrective and emergency measures to avoid a collision.
Following a trial on the merits, the trial court held that Mr. Tedesco was not guilty of any negligence because he, himself was faced with a sudden emergency not of his own making when the automobile in front of him began stopping suddenly. Accordingly, the trial court entered judgment in favor of the defendant. From that judgment, the plaintiff has perfected the instant appeal.
Testimony in this case indicates that an automobile driven by Mr. John Juneau had developed car trouble and pulled off the north-bound lane onto the shoulder of the highway. His testimony indicated that he had stopped his car and had gotten out to examine the engine. He then noticed a line *165 of cars approaching in the north-bound lane. Suddenly one of the cars started making a sudden stop. Mr. Tedesco’s car was the second car behind' the automobile which attempted to stop suddenly.
The trial court found that Mr. Tedesco was not negligent in suddenly applying his brakes in an attempt to avoid hitting the car suddenly braking in front of him. The record reveals that- his car pulled to- the left,,, into,,the-.south-bound lane of traffic several feet. It is at this point that Mrs. Meskill, proceeding in the southbound lane, observed the Tedesco automobile encroaching upon her lane of traffic and pulled partially onto the shoulder of the road. The testimony of Mr. Tedesco and his wife was that, at this point, he pulled his car back into the north-bound lane of traffic and continued applying his brakes avoiding a collision with the suddenly slowing traffic in front of him.
Mrs. Meskill’s testimony indicated that she had control of her automobile as she proceeded down the highway partially on the shoulder of the road. Her testimony was somewhat conflicting between direct and cross-examination, however. She seemed uncertain whether her automobile involuntarily pulled back onto the highway, or whether she purposely returned to the highway. It is clear, however, that she had control of the automobile while on the shoulder of the road and when her automobile returned to the highway, she lost control of the vehicle, continued across the highway, and struck another vehicle in the opposite lane of traffic.
The trial court found as a fact that Mrs. Meskill lost control of her automobile when she attempted to steer the automobile back onto the paved surface of the road. In his written reasons for judgment, the trial judge stated that after hearing Mrs. Meskill’s testimony on direct and cross-examination, the court was of the opinion that Mrs. Meskill had control of her car when it first went onto the shoulder of the road and that she had control of her car while it traveled on the shoulder of the road. However, when she returned to the highway by pulling back onto the paved surface, she lost control of her automobile. We think the trial court correctly stated that this was an improper maneuver on the part of Mrs. Meskill. The court stated:
“Even if it be that Mr. Tedesco was guilty of any negligence the Court is of the opinion that the plaintiff cannot recover because she was guilty of independent intervening negligence that was a cause of the accident.”
The court also found that Mr. Tedesco was also faced with a sudden emergency not of his own making while traveling within the legal speed limit at a reasonably safe distance behind the traffic in front of him, and that in suddenly applying his brakes, his automobile unexpectedly pulled to the left, which reaction could not reasonably have been anticipated by him. Mr. Tedesco, thus, was likewise found to be free of negligence in reacting to the sudden emergency before him.
The appellant cites the rule stated in Bailey v. National Surety Corporation, 149 So.2d 669 (La.App. 1st Cir., 1963). This rule is that where a collision results from one’s act of driving his vehicle into that part of the roadway reserved exclusively for traffic proceeding from the opposite direction, the offending driver has the burden of proving that the collision was not caused by his negligence. Appellant also contends that the defendant in this case failed to carry that burden of proof.
We do not believe that the cited rule applies in this case. The Tedesco vehicle did not collide either with Mrs. Mes-kill or with any vehicle preceding in front of him. This rule has been applied only where the offending vehicle is also involved in a collision in the other lane. *166 Noland v. Liberty Mutual Ins. Co., 232 La. 569, 94 So.2d 671 (1957). Additionally, the trial court found that the collision with a third automobile was not caused by the Te-desco automobile veering a couple of feet into the southbound lane. The court found that Mrs. Meskill’s act of attempting to return to the paved surface without reducing her speed was the cause in fact of her loss of control of the automobile and the collision with another north-bound automobile. We find no error or abuse of discretion in that finding. It is amply supported by the testimony in the record.
There is sufficient evidence and testimony in the record to support the trial court’s conclusion that Mrs. Meskill was guilty of negligence which was the cause in fact of the accident in question. Such a finding pretermits any question of negligence on the part of the defendant. Regardless of whether or not the defendant could be said to be negligent in the instant case, as between the parties involved, any recovery by Mrs. Meskill against the defendant would be barred by her own negligence.
Since Mrs. Meskill had control of her vehicle after pulling partially onto the shoulder of the road, and since Mrs. Mes-kill continued to maintain control of her vehicle while traveling down the shoulder of the road, we find no error in the trial judge’s determination that Mrs. Meskill attempted to return to the paved surface too quickly and at too high a rate of speed. This improper maneuver was the cause of her collision with another vehicle in the opposite lane of traffic.
Since we find no manifest error in the trial judge’s finding that the negligence of the plaintiff was the cause in fact of the accident, the judgment of the trial court will be affirmed.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs to be paid by plaintiffs-appellants.
Affirmed.